UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

--------------------------------------------------------------------------x

Barbara Hines,

              Plaintiff,                                   **C.A. No.:**

       -against-                                    **DEMAND FOR JURY TRIAL**

Equifax Information Services, LLC,
Creditors Bureau Associates,

              Defendant(s).

--------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Barbara Hines ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Services, LLC ("Equifax") and Defendant Creditors Bureau Associates ("CBA Macon") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Georgia, County of Fayette.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Georgia, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 2 Sun Ct Ste 400, Peachtree Corners, GA 30092.

7. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. CBA Macon is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with a principal business address of 420 College St., Macon, GA 31204 and an address for service of process at 112 Ward St. Macon, GA 31204.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

11. Plaintiff had three separate CBA Macon medical debts listed on her credit reports.

12. Account 3393005 was listed with a balance of $236. The original creditor was listed as OrthoAtlanta LLC.

13. Account 3390964 was listed with a balance of $79. The original creditor was listed as OrthoAtlanta LLC.

14. Account 3366615 was listed with a balance of $225. The original creditor was listed as PeachTree IMD Care LLC.

15. Plaintiff never contracted with CBA Macon directly, did not remember having outstanding balances at OrthoAtlantic LLC or PeachTree IMD Care LLC, and wanted to ensure that CBA Macon had the legal authority to collect the three subject debts and verify that they were in fact outstanding debts prior to paying off the balances.

16. On or about March 16, 2022, Plaintiff sent an initial dispute to Equifax and non-party Transunion, LLC to dispute the three subject accounts.

17. Her dispute specifically stated, "I never had a contract with this debt collector for any debt. Please provide proof from the original creditor that this debt collector owns this debt and has the legal authority to collect it or delete this account."

18. Transunion, LLC removed the subject accounts from Plaintiff's credit report.

19. Upon information and belief, Transunion, LLC was unable to verify that the subject debts were accurate.

20. However, Equifax continued reporting the subject accounts on Plaintiff's credit report.

<u>CBA Macon Disputes and Violations</u>

21. Upon information and belief, on a date better known to Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her three CBA Macon accounts (Account number 3393005, 3390964, and 3366615) (Collectively "Accounts").

22. After Equifax failed to remove the Accounts or provide proof from the original creditors that CBA Macon had the legal authority to collect the subject debts, Plaintiff sent a second dispute to Equifax.

23. On or about April 25, 2022, Plaintiff sent a second dispute to Equifax, repeating her prior dispute, and additionally stating, "I don't agree with the results of your investigation. Please mail me the proof of your investigation and proof that this debt collector has a legal right to collect, or delete this account."

24. After receiving her second dispute, Equifax again failed to respond to Plaintiff with any verification that CBA Macon had legal authority to collect the subject debts.

25. Furthermore, Equifax re-aged Plaintiff's Accounts from April 2020 to April 2022, making them appear more recently delinquent.

26. When Plaintiff realized that Equifax continued to report the same Accounts after her second dispute and was now re-aging them, she sent a third dispute to Equifax.

27. On or about May 28, 2022, Plaintiff sent a third dispute to Equifax.

28. In the third dispute, for Account 3393005 with a balance of $236 and Account 3390964 with a balance of $79, Plaintiff stated, "I previously disputed this account with the credit bureaus and it was deleted from my Transunion report but Equifax failed to perform an investigation and delete the disputed information."

29. In the third dispute, for Account 3366615 with a balance of $225, Plaintiff stated, "The open date reported on this collection is wrong and it's negatively affecting my score. On my Equifax report from 04/11/2022 the open date for this collection is reported as 04/01/2020. Please remove this collection account immediately since it is reporting false information."

30. After receiving Plaintiff's third dispute, Equifax continued reporting the Accounts on her credit report, again failed to provide verification that CBA Macon has authority to collect the subject debts, and continued reporting the Accounts with the same incorrect open date, making the Accounts appear more recently delinquent then is accurate.

31. The inaccurate information furnished by CBA Macon and published by Equifax is inaccurate since the account is listed with a "Date Assigned" as April 1, 2022.

32. By reporting the account with a later date of assignment, the Accounts appear more recently delinquent, which inaccurately lowers Plaintiff's credit score more than it should.

33. Furthermore, the Accounts were re-aged to stay on Plaintiff's credit report longer than is legally permissible.

34. This inaccurate information is listed as derogatory information on Plaintiff's credit reports and has negatively affected her credit score.

35. All three Accounts are listed as Collections accounts on Plaintiff's credit score.

36. Collection accounts are extremely damaging to a consumer's credit score.

37. Recent collection accounts are particularly harmful to a consumer's credit score.

38. Due to Defendants' actions and omissions, on July 8, 2022, Plaintiff was denied a new line of credit from PenFed Credit Union.

39. Had Plaintiff's collection accounts been removed from her credit report, or at least been reporting with accurate open dates, Plaintiff may have been granted a new line of credit.

40. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

41. Other potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

42. It is believed and therefore averred that Equifax notified CBA Macon of all three of Plaintiff's disputes.

43. Upon receipt of each of the disputes of the Accounts from the Plaintiff by Equifax and Transunion, CBA Macon failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Accounts.

44. CBA Macon failed to provide verification that it had the legal right to collect the subject debts.

45. Had CBA Macon done a reasonable investigation after receiving Plaintiff's most recent dispute, it would have been revealed to CBA Macon that the Accounts were reporting with inaccurate assignment dates.

46. Despite the Plaintiff's disputes that the information on her consumer reports was inaccurate with respect to the disputed Accounts, Equifax did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Accounts was inaccurate.

47. Worse still, in response to Plaintiff's second dispute, Equifax re-aged the Accounts, which makes them seem more recently derogatory and keeps them on Plaintiff's credit report for an additional two years.

48. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letters.

49. Had Equifax done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Equifax that CBA Macon did not have the right to collect the subject debts and the Accounts were reporting with inaccurate assignment dates.

50. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

51. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

52. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

54. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

55. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information the Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

56. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

57. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

58. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Barbara Hines, an individual, demands judgement in her favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

### SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

59. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

60. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

61. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

62. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

63. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

64. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

65. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Barbara Hines, an individual, demands judgement in her favor against Equifax for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to CBA Macon)

66. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

68. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

69. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

70. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

71. CBA Macon violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

72. Specifically, CBA Macon continued to report the Accounts with improper dates of assignment, making them appear more recent than is accurate.

73. As a result of the conduct, action and inaction of CBA Macon, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

74. The conduct, action and inaction of CBA Macon was willful, rendering CBA Macon liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

75. The Plaintiff is entitled to recover reasonable costs and attorney's fees from CBA Macon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Barbara Hines, an individual demands judgement in her favor against CBA Macon in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to CBA Macon)

76. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

77. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

78. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

79. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

80. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

81. CBA Macon is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

82. After receiving the Dispute Notice from the Bureaus, CBA Macon negligently failed to conduct its reinvestigation in good faith.

83. A reasonable investigation would require a furnisher such as CBA Macon to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

84. The conduct, action and inaction of CBA Macon was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

85. As a result of the conduct, action and inaction of CBA Macon, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

86. The Plaintiff is entitled to recover reasonable costs and attorney's fees from CBA Macon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Barbara Hines, an individual, demands judgement in her favor against CBA Macon for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

87. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  July 21, 2022

Respectfully Submitted,

s/ *Misty Oaks Paxton*
By:  Misty Oaks Paxton, Esq.
3895 Brookgreen Pt.
Decatur, GA, 30034

Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com
*Attorney for Plaintiff*


*/s/ Tamir Saland*
Tamir Saland, Esq.
STEIN SAKS, PLLC
One University Plaza, Ste. 620
Hackensack, NJ 07601
(201) 282-6500 ext. 122
(201) 282-6501  Fax
tsaland@steinsakslegal.com
*pro hac vice pending*